UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ABLAY UALIYEV AND RADMILA MANIAKHINA,<br><br>Petitioners,<br><br>v.<br><br>BRUCE SCOTT, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-03803-TMC<br><br>ORDER GRANTING WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioners Ablay Ualiyev and Radmila Maniakhina, a married couple, are citizens of Kazakhstan and Russia respectively. Dkt. 8 ¶ 3. On June 21, 2022, they entered the United States as B-2 nonimmigrant visitors and then stayed beyond their visas' expiration date. *Id.* ¶¶ 4–6. On May 25, 2023, Petitioners applied for asylum, which remains pending. *Id.*

On September 24, 2026, Immigration and Customs Enforcement ("ICE") officers encountered Petitioners as they were deplaning at Seattle-Tacoma International Airport. Dkt. 8 ¶ 7. They arrested Petitioners without warning and served them with a Notice to Appear. *Id.* ICE transported them to the Northwest ICE Processing Center ("NWIPC") to detain them pending removal proceedings. *Id.* ¶ 8. Both Petitioners requested review of the custody determination by

an immigration judge on their I-286 forms. *Id.* Although a bond hearing was initially scheduled for October 26, 2026 (*id.*), Petitioners have informed the Court that the bond hearing did not occur, and that it was rescheduled to November 9. Dkt. 10 at 1–2. There is no information in the record to suggest that either petitioner's arrest was the result of a change in circumstances demonstrating flight risk or danger to the community.

Petitioners filed this habeas petition on October 6, 2026. Dkt. 1. Respondents filed a return on October 21, to which Petitioners filed a traverse. Dkts. 7, 10. The habeas petition is now ripe for the Court's review. For the following reasons, the Court GRANTS the petition for writ of habeas corpus (Dkt. 1).

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

### A. Petitioners are entitled to release.

Petitioners argue that Respondents violated their rights under the Immigration and Nationality Act and the Due Process Clause by detaining them without a warrant more than three years after they had applied for asylum with U.S. Citizenship and Immigration Services ("USCIS") and without "any individualized finding that [they are either] a danger or a flight risk." Dkt. 1 ¶¶ 20, 26, 48. They argue that they have no criminal record, "applied for asylum on time, [and] lived at known addresses." *Id.* ¶¶ 25, 45. They seek immediate release, or alternatively a bond hearing before an immigration judge where the government bears the burden

of proving by clear and convincing evidence that they are a danger to the community or a flight risk. *See id.* at 15–16 (also requesting an injunction prohibiting Respondents from re-detaining them absent "written notice of the grounds and a hearing before a neutral decisionmaker"). Respondents counter that Petitioners' detentions are lawful because a bond hearing was scheduled; they thus have not exhausted their administrative remedies and will receive the process provided by 8 U.S.C. § 1226(a). Dkt. 7 at 4–5. Respondents further assert that "Petitioners do not articulate any cognizable argument that they were entitled to additional process beyond a post-arrest custody redetermination hearing" and ask the Court not to give the petition a liberal construction even though Petitioners are proceeding without an attorney. Dkt. 7 at 4 n.3.

The Court disagrees with Respondents; Petitioners are entitled to a liberal construction of their petition, have asserted a cognizable due process claim about the basis for their detention, and are entitled to release under the weight of authority from within the Ninth Circuit. Numerous courts, including this one, have concluded that noncitizens who overstayed their visas, applied for asylum, and who have remained in the community for years while pursuing lawful status in the United States are entitled to pre-deprivation notice and a hearing before being suddenly detained. *See, e.g.*, *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *1 (N.D. Cal. Feb. 25, 2026) (Russian citizen who entered on nonimmigrant visa and applied for asylum); *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413, at *1 (E.D. Cal. June 25, 2026) (Russian citizen who entered on B-2 visitor visa and applied for asylum); *Huang v. Blanche*, No. 2:26-cv-02157-BAT, 2026 WL 2271901 (W.D. Wash. July 15, 2026) (petitioner overstayed tourist visa, applied for asylum, and was not detained after case was transferred to the Executive Office for Immigration Review ("EOIR") for removal proceedings); *Troykalo v. Armant*, No. EDCV 26-04875-KK PDx, 2026 WL 2602910 (C.D. Cal. Sept. 2, 2026) (petitioner

overstayed B-2 visa, applied for asylum, submitted biometrics data, and was not placed in removal proceedings); *Sidhe v. Scott*, No. 26-cv-03188-TMC, 2026 WL 2935934, at *1 (W.D. Wash. Sept. 30, 2026) (Kenyan citizen who entered on B-1 business visa and applied for asylum).

In each of these cases, the government demonstrated that it did not consider the noncitizens to be a flight risk or danger by choosing not to detain them for years after they had affirmatively applied for asylum, made their presence known to the government, and sought a legal path to remain in the United States. *See, e.g.*, *Kharitonova*, 2026 WL 531441, at *2 ("The government's insistence that Petitioner lacks a liberty interest because it never before sought to detain her is specious. . . . . Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."). Under Respondents' reading, the Due Process Clause places no pre-deprivation constraints on the government's ability to detain someone years after they overstayed their visa while applying for asylum, for any reason or no reason, without any change in circumstance showing they are a danger or flight risk. This comes dangerously close to a policy of arbitrary detention, one of the chief evils the Framers of the Constitution were "committed to guarding against." *Padilla v. U.S. Immigr. & Customs Enf't*, --- F.4th ----, 2026 WL 2822044, at *18 (9th Cir. 2026).

**B. Petitioners are entitled to injunctive relief.**

A petitioner seeking permanent injunctive relief must demonstrate the factors delineated under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Both Petitioners have detailed health problems they have suffered while in detention. Dkt. 1 ¶¶ 36–40. Petitioners have suffered irreparable injuries—including their unlawful detention, separation from one another, and the violation of their due process rights—where monetary damages are unavailable or

inadequate to compensate them. *Saadhom v. Bondi*, 829 F. Supp. 3d 907, 919 (W.D. Wash. Mar. 12, 2026) (citing *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). The balance of hardships leans in favor of Petitioners, "as the injunction requires only that Respondents comply with the Constitution before re-detaining him." *Saley v. Scott*, No. 2:26-cv-00797-JNW, 2026 WL 914810, at *5 (W.D. Wash. Apr. 3, 2026). Lastly, "the public interest is served by an order prohibiting Respondents from violating the Due Process Clause." *Id.* Petitioners have satisfied the requirements for a permanent injunction. As other orders in this District have observed, Respondents have demonstrated an intent to continue their practices no matter how many federal district courts conclude that those practices violate the law. *See, e.g.*, *Lima Gamez v. Hernandez*, No. 2:26-cv-01104-BAT, 2026 WL 1382362, at *7 (W.D. Wash. May 18, 2026). Petitioners thus face an ongoing likelihood of irreparable harm. Absent circumstances urgently requiring arrest, the Court prohibits Respondents from re-detaining Petitioners as described below. *See Caglar v. Wamsley*, No. 2:26-cv-00787-TMC, 2026 WL 1123515, at *5 (W.D. Wash. Apr. 24, 2026) (discussing burden of proof in re-detention hearings).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Respondents are ORDERED to release Petitioner Ablay Ualiyev and Petitioner Radmila Maniakhina from custody within 24 HOURS of this Order.

3. Respondents shall file a status report confirming Petitioners' release no later than November 6, 2026.

4. Respondents must return to Petitioners any personal property, including any personal identification document (other than a passport) and any employment authorization document.

5. Absent circumstances urgently requiring arrest or an administratively final order of removal, Respondents are ENJOINED from re-detaining Petitioners Ablay

Ualiyev and Radmila Maniakhina during pendency of their removal proceedings absent written notice and a hearing before a neutral decisionmaker, at which the government bears the burden of proving by clear and convincing evidence Petitioners' dangerousness or risk of flight based on changed circumstances.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of November, 2026.

Tiffany M. Cartwright
United States District Judge